IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tammy C. Richardson, | Civil Action No. 2:18-cv-2389-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Halcyon Real Estate Services, LLC and McCabe Trotter & Beverly, P.C., | |
| Defendants. | |

Before the Court is Plaintiffs' motion to remand and for attorneys' fees. (Dkt. No. 5.) For the reasons set forth below, the Court grants in part and denies in part the motion.

I. **Background**

MTB, as counsel for Southern Magnolia Homeowners' Association ("the HOA"), filed an action in the Court of Common Pleas for Dorchester County seeking to foreclose on a lien previously filed against Plaintiff Tammy Richardson's property on August 10, 2015. (Dkt. No. 1-2 at ¶ 2.) In the state court action, Plaintiff filed a third-party complaint against MTB and Halcyon Real Estate Services, LLC ("Halcyon"). (*Id.* at ¶ 3.) Those claims were ultimately severed from the foreclosure complaint on May 5, 2016. (*Id.* at ¶ 5.) Defendants then filed a notice of removal to this Court on June 3, 2016. (Dkt. No. 1-2 at 80.)[1] Plaintiff filed a motion to remand which this Court, in an order by Judge Norton, granted. (Dkt. No. 1-2 at 87.) Specifically, the Court held that the case could not be remanded because Halcyon, a co-defendant, did not unambiguously consent to the removal, as required by 28 U.S.C.A. § 1446(b)(2)(A). Halcyon was dismissed as a

---

[1] The prior case was captioned *Tammy C. Richardson v. Halcyon Real Estate Services, LLC and McCabe, Trotter & Beverly, P.C.*, Case No. 2:16-cv-01815-DCN.

co-defendant in the state court action through a stipulation on August 24, 2018. (Dkt. No. 1 at ¶ 9.) Defendant removed the case to this Court again on August 29, 2018, and Plaintiff moved to remand. (Dkt. Nos. 1, 5.)

## II. Legal Standard

"Federal courts are presumptively without jurisdiction over civil actions, and the burden of establishing the contrary rests firmly on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal removal jurisdiction exists if the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party has the burden of establishing that removal jurisdiction is proper. *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). The removal statute is strictly construed against removal jurisdiction, and any doubts as to jurisdiction weigh in favor of remand. *Id.*

## III. Discussion

Defendant removed the case based on federal question jurisdiction. (Dkt. No. 1 at ¶ 13.) Plaintiff moves to remand, arguing that while the case clearly involves a federal question under the Fair Debt Collections Practices Act ("FDCPA"), Defendant failed to follow the procedures for removal under 28 U.S.C. § 1446(b). Specifically, Plaintiff argues that the case first became removable in 2016, but was unable to be removed because a co-defendant did not unambiguously consent to removal. (Dkt. No. 5 at 8.) Plaintiff argues that the co-defendant's failure to consent did not render the case not removable in 2016, and the co-defendant's stipulated dismissal in 2018 does not now make the action removable for the first time. (Dkt. No. 8 – 9.) The Court agrees.

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or

proceeding is based, or within 30 days after the service of summons upon the
defendant if such initial pleading has then been filed in court and is not required to
be served on the defendant, whichever period is shorter.

This case was initiated in state court on August 10, 2015, when MTB filed an action on behalf of the HOA to foreclose on a lien. (Dkt. No. 1 at ¶ 2.) While the case was not initially removable, it became removable once the state court severed Plaintiff's third-party claims from the foreclosure action on May 5, 2016.[2] (*Id.* at ¶ 5.)

Section 1446(b)(3) controls the procedures for a case that becomes removable after the initial pleadings, and states that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

This action became first removable once the FDCPA claims were severed from the underlying foreclosure action on May 5, 2016. The fact that Defendant's former co-defendant, Halcyon, did not unambiguously consent to the removal, as required under § 1446(b)(2)(A), is an issue of procedure under § 1446 and does not affect when a defendant is able to first ascertain that the case could be removed. Therefore, the fact that Halcyon has now been dismissed from the underlying action does not render the case newly removable now because Halcyon previously withheld unambiguous consent.

---

[2] Defendant also argues that the dismissal of Halcyon allows for removal since removal was previously unavailable as the case was initiated as a third-party complaint, citing *Palisades Collections v. Shorts*, 552 F.3d 327 (4th Cir. 2008). (Dkt. No. 11 at 3.) However, this argument ignores the fact that both Halcyon and Defendant MTB were initially third-party defendants, and, as acknowledged in Defendant's notice of removal, removal became available as to both defendants once the third-party complaint was severed from the underlying foreclosure action. (Dkt. No. 1 at ¶¶ 4, 6.)

Other district courts in the Fourth Circuit have come to the same conclusion. In *Pittman v. Quest Diagnostics, Inc.*, No. CV ELH-15-3093, 2016 WL 540673 (D. Md. Feb. 11, 2016), the court dealt with substantially the same issue. In *Pittman*, the case was removable on the basis of federal question jurisdiction "at its inception," however, a defendant "was unable to remove the case, because of the lack of consent of the two codefendants." *Id.* at *4. The non-consenting co-defendants were eventually dismissed, and the defendant argued "that the voluntary dismissal of the non-diverse codefendants triggered a new 30-day removal period under 28 U.S.C. § 1446(b)(3)...." *Id.* The court disagreed, holding that "as initially filed, this case could have been removed...based on federal question jurisdiction[,]" and therefore, "federal jurisdiction could be 'ascertained' when the Complaint was filed and served." *Id.* at *5. After an extensive review of the statutory construction of § 1446, which the Court finds persuasive, the *Pittman* court held that "[p]rocedural requirements—whether demanding compliance with a deadline or consent among parties—impact the outcome of removal based on any ground. But, these requirements do not determine whether a basis for federal jurisdiction exists in the first instance." *Id.* at *7. *See also Hampton Paint Mfg. Co. v. Union Oil Co. of California*, No. CIV. A. 91-104-NN, 1991 WL 274441, at *1 (E.D. Va. Dec. 16, 1991) ("The fact that...the other two defendants[] preferred that the action remain in state court and did not consent to removal, did not change the fact the case was a removal case within the terms of the statute."). The Court therefore finds that it could "first be ascertained" in May 2016 that this action was removable, and Defendant's removal on August 29, 2018 was beyond the thirty day limit set by § 1446(b)(3).

Plaintiff has also requested costs and attorneys' fees pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546

U.S. 132, 141 (2005). While unsuccessful, upon review of cases from this district, it appears that Defendant presented an argument that had not been previously advanced and was reasonable based on a change in the parties in the case. Plaintiff's request for costs and attorneys' fees is therefore denied.

**IV. Conclusion**

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion to Remand (Dkt. No. 5). This action is **REMANDED** to state court, and Plaintiff's requests for attorneys' fees and costs is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 2̄, 2018
Charleston, South Carolina